# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Albert Centers<br><br>　　　　Plaintiff,<br><br>　v.<br><br>A.W. CHESTERTON COMPANY, a corporation; COMBUSTION ENGINEERING INCORPORATED, a corporation; DURABLA MANUFACTURING COMPANY, a corporation; THE FLINTKOTE COMPANY, a corporation; FOSTER-WHEELER CORP., a corporation; GARLOCK INCORPORATED, a corporation; GENERAL ELECTRIC COMPANY, a corporation; GENERAL REFRACTORIES COMPANY, a corporation; GEORGIA-PACIFIC Corp., a corporation; HALLIBURTON COMPANY, a corporation; INDUSTRIAL HOLDINGS CO., a corporation; METROPOLITAN LIFE INSURANCE COMPANY, a corporation; OWENS-ILLINOIS INCORPORATED, a corporation; VIACOM, INC. as successor to WESTINGHOUSE ELECTRIC COMPANY, a corporation;<br><br>　　　　Defendants. | CASE NO. 02 C 8702<br><br>In Re Asbestos Litigation<br><br>JUDGE ANDERSEN<br><br>MAGISTRATE JUDGE KEYS<br><br>COMPLAINT |

## COMPLAINT

Now comes the plaintiff, Frank J. Costa, hereinafter "Plaintiff," by and through his attorneys, CASCINO VAUGHAN LAW OFFICES, LTD., and complains of A.W. CHESTERTON COMPANY, a corporation; COMBUSTION ENGINEERING INCORPORATED, a corporation; DURABLA MANUFACTURING COMPANY, a corporation; THE FLINTKOTE COMPANY, a corporation; FOSTER-WHEELER CORP., a corporation; GARLOCK INCORPORATED, a corporation; GENERAL ELECTRIC COMPANY, a corporation; GENERAL REFRACTORIES COMPANY, a corporation; GEORGIA-PACIFIC Corp., a corporation; HALLIBURTON COMPANY, a corporation; INDUSTRIAL HOLDINGS CO., a corporation; METROPOLITAN LIFE INSURANCE COMPANY, a corporation;

OWENS-ILLINOIS INCORPORATED, a corporation; VIACOM, INC. as successor to WESTINGHOUSE ELECTRIC COMPANY, a corporation; hereinafter "Defendants", as follows:

## JURISDICTION

1. Albert Centers is an adult citizen of Illinois. Plaintiff's address is 19514 East County Road 250N, Charleston, IL 61920. Plaintiff worked around asbestos at various job sites in the states of Illinois and Indiana during his career as an iron worker.

2. Defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing and selling asbestos and/or asbestos-containing products and/or asbestos-insulated equipment, hereinafter referred to as "asbestos products." Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

3. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

4. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

5. Venue is proper pursuant to Title 28, United States Code, §1391.

## GENERAL ALLEGATIONS

6. Plaintiff during the course of his employment at various job sites, including those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products and/or asbestos insulated equipment which was sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by defendants.

7. Plaintiff was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by

workers working with or near asbestos products.

8. Plaintiff became aware of the asbestos-related condition and that said condition was caused by Defendants' wrongful conduct within the statute of limitations before the filing of this action.

9. As a direct and proximate result of the conduct of Defendants, Plaintiff developed and has been diagnosed as having lung cancer. See medical report at Exhibit C, attached hereto and incorporated herein by this reference.

10. Plaintiff suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for current and future medical and hospital care, and suffered losses to his personal property and possessions.

## PRODUCTS LIABILITY - NEGLIGENCE

11. It was reasonably foreseeable by Defendants that Plaintiff and other workers would be working with or in the proximity of Defendants' asbestos products.

12. Defendants had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to Defendants' asbestos products.

13. Prior to, during, and after the time Defendants manufactured, produced, processed, packaged, designed, distributed, and/or shipped the asbestos products to which Plaintiff was exposed, Defendants knew, or in the exercise of ordinary or reasonable care ought to have known, that exposure to their asbestos products caused disease and/or death and that Plaintiff and/or others did not know that asbestos products were dangerous or harmful.

14. Notwithstanding the aforementioned duty, Defendants, and each of them, were negligent by one or more of the following acts or omissions in that they:

    a. Failed to adequately warn Plaintiff and/or others of the health hazards concerned with exposure to asbestos;

    b. Failed to recommend and/or provide proper protective apparel, equipment, appliances, and/or

packaging to ensure Plaintiff's and/or other's safety;

c. Failed to warn Plaintiff and/or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

d. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

e. Failed to instruct Plaintiff, his employers and/or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

f. Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

15. As a direct and proximate result of these negligent acts and/or omissions of Defendants, Plaintiff endured suffering and injuries set forth in paragraph 9.

## DEFENDANT SPECIFIC COUNTS

### A.W. CHESTERTON CO.

### COUNT 1 - PRODUCTS LIABILITY - NEGLIGENCE

16. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COMBUSTION ENGINEERING CO.

### COUNT 2 - PRODUCTS LIABILITY - NEGLIGENCE

17. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### DURABLA MANUFACTURING CO.

### COUNT 3 - PRODUCTS LIABILITY - NEGLIGENCE

18. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### THE FLINTKOTE COMPANY

### COUNT 4 - PRODUCTS LIABILITY - NEGLIGENCE

19. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### FOSTER-WHEELER CORPORATION

### COUNT 5 - PRODUCTS LIABILITY - NEGLIGENCE

20. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### GARLOCK INCORPORATED

### COUNT 6 - PRODUCTS LIABILITY - NEGLIGENCE

21. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### GENERAL ELECTRIC COMPANY

### COUNT 7 - PRODUCTS LIABILITY - NEGLIGENCE

22. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### GENERAL REFRACTORIES COMPANY

### COUNT 8 - PRODUCTS LIABILITY - NEGLIGENCE

23. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

## GEORGIA-PACIFIC CORPORATION

### COUNT 9 - PRODUCTS LIABILITY - NEGLIGENCE

24. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

## HALLIBURTON COMPANY as successor to DRESSER INDUSTRIES, INC; DII INDUSTRIES LLC; BROWN AND ROOT INC.; KELLOGG, BROWN AND ROOT; M.W. KELLOGG; WORTHINGTON CORPORATION; WORTHINGTON PUMP (NEW JERSEY); WORTHINGTON PUMP (DELAWARE); HARBISON WALKER REFRACTORIES COMPANY; INDRESCO, INC.; AND ALCO

### COUNT 10 - PRODUCTS LIABILITY - NEGLIGENCE

25. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

## INDUSTRIAL HOLDINGS COMPANY

### COUNT 11 - PRODUCTS LIABILITY - NEGLIGENCE

26. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

### COUNT 12 - PRODUCTS LIABILITY - NEGLIGENCE

27. This claim is brought against INDUSTRIAL HOLDINGS CO. for Negligence.

28. During the time in issue said Defendant manufactured, supplied and distributed to Plaintiff Carborundum saw blades to cut asbestos bricks.

29. Equipment supplied by defendant failed to warn of asbestos hazards related to its use.

30. It was reasonably foreseeable Plaintiff and others would be exposed to asbestos as a result of using the tool.

31. Defendant had a duty to exercise reasonable care for the safety of Plaintiff and others who worked with or were exposed to Defendant's asbestos products.

32. Equipment supplied by Defendant failed to provide adequate protection and/or measures to be taken to protect Plaintiff from exposure to asbestos under Defendant's instructions of operation.

33. Plaintiff's use of the dangerous equipment manufactured and supplied by the Defendant INDUSTRIAL HOLDINGS CO. is a proximate cause of the injuries set forth above in paragraph 9.

## METROPOLITAN LIFE INSURANCE COMPANY

## COUNT 13 - PRODUCTS LIABILITY - NEGLIGENCE

34. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

## COUNT 14 - CONSPIRACY

35. This claim is brought against defendant METROPOLITAN LIFE INSURANCE COMPANY for civil conspiracy and Plaintiff incorporates allegations 1 - 5 and 38 above.

36. Said defendant and co-conspirators had actual knowledge or through the exercise of ordinary care should have known as early as the 1930's that exposure to asbestos caused serious disease and death; that the risks and health hazards of asbestos were not widely known; and that the general public in the United States was ignorant of the hazardous properties of asbestos.

37. Defendant METROPOLITAN LIFE INSURANCE COMPANY and other unnamed co-conspirators knowingly and willfully combined, agreed, and conspired with each other for the purpose of accomplishing one or more of the following unlawful purposes:

   a. Suppressing information about the health hazards of asbestos, including medical and

scientific data, from those persons who would be exposed to the asbestos from the products made and sold by the conspirators,

    b. Affirmatively asserting, in a manner not warranted by the information possessed by the conspirators, claims that the conspirators knew were false, namely, that it was safe to work with and in close proximity to asbestos.

38. The conspirators, including METROPOLITAN LIFE INSURANCE COMPANY, in communications between each other and through participation in trade organizations and committees of such trade organizations, ratified and adopted the unlawful purposes and conduct of the conspiracy.

39. Defendant METROPOLITAN LIFE INSURANCE COMPANY and one or more of the conspirators performed the following tortious acts in furtherance of the conspiracy:

    a. Manufactured, sold, packaged or installed unreasonably dangerous asbestos products to which the Plaintiff was exposed,

    b. Failed to warn about health hazards of asbestos, failed to investigate health hazards of asbestos or failed to instruct about precautionary measures required for protection;

40. The agreement between METROPOLITAN LIFE INSURANCE COMPANY and the conspirators and acts done in furtherance of the agreement were the proximate causes of the injuries set forth above in paragraph 9.

## OWENS-ILLINOIS INCORPORATED

## COUNT 15 - PRODUCTS LIABILITY - NEGLIGENCE

41. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

## VIACOM INC. as successor to WESTINGHOUSE ELECTRIC COMPANY

## COUNT 16 - PRODUCTS LIABILITY - NEGLIGENCE

42. Plaintiff reasserts and incorporates herein by this reference the above claims (paragraphs 1 - 15) based on negligence with respect to this defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. Judgement against Defendants, jointly and severally, for compensatory and general damages in excess of $75,000 plus costs.

2. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated this 21st day of November, 2002.

_____
One of the Plaintiff's Attorneys

ALLEN D. VAUGHAN
CASCINO VAUGHAN LAW OFFICES, LTD.
220 South Ashland Avenue
Chicago, Illinois 60610-1117
312-944-0600
312-944-1870 fax

# Exhibit A
## Defendants' Incorporation States and Principal States of Business

| DEFENDANT | STATE OF INCORPORATION | PRIMARY STATE OF BUSINESS |
|---|---|---|
| A. W. Chesterton Company | Massachusetts | Massachusetts |
| Combustion Engineering, Inc. | Delaware | Massachusetts |
| Durabla Manufacturing Company | Pennsylvania | Pennsylvania |
| Flintkote Company | Delaware | California |
| Foster Wheeler Corporation | New York | New Jersey |
| Garlock Incorporated | Ohio | Ohio |
| General Electric Company | New Jersey | New York |
| General Refractories Company | Pennsylvania | Pennsylvania |
| Georgia-Pacific Corporation | Georgia | Georgia |
| Halliburton Company | Delaware | Texas |
| Industrial Holdings Co. | New York | New York |
| Metropolitan Life Insurance Company | New York | New York |
| Owens-Illinois Corporation | Delaware | Ohio |
| Viacom, Inc. | Delaware | New York |

# Exhibit B
# Work History of Albert Centers

| Last | First | MI | FirstYrId | LastYrId | SiteLocation | SiteCity | SiteSt |
|---|---|---|---|---|---|---|---|
| Centers | Albert | L | 1966 | 1988 | Eastern Illinois University | Charleston | IL |
| Centers | Albert | L | 1966 | 1988 | North High School | Terre Haute | IN |
| Centers | Albert | L | 1966 | 1988 | South Side High School | | IN |
| Centers | Albert | L | 1966 | 1988 | USI Chemicals | Tuscola | IL |
| Centers | Albert | L | 1966 | 1988 | Wabash River Power Station | Terre Haute | IN |
| Centers | Albert | L | 1968 | 1969 | Marathon Refinery | Robinson | IL |

PLAINTIFF'S EXHIBIT C

## ALVIN J. SCHONFELD, D.O., F.C.C.P., F.A.A.D.E.P.

Diplomate—American Boards of Internal Medicine and Pulmonary Disease
438 West St. James Place, Chicago, IL 60614 • (888) 691-8521

July 2, 2001

Michael P. Cascino, Esq.
Allen D. Vaughan, Esq.
CASCINO VAUGHAN LAW OFFICES, LTD.
403 W North Ave
Chicago, IL 60610

    RE:        Albert Centers
    Social Security No.:  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
    Date of Birth:    March 25, 1935

Dear Messrs. Cascino & Vaughan:

This is a physician's report pertaining to your above-referenced client.

Albert Centers is a 62-year-old male residing in Charleston, Illinois. His principal reported employment from 1966 to 1988 was as a iron worker. During that period, he reportedly had a history of extensive exposure to asbestos dust. Mr. Centers also reportedly was a cigarette smoker from 1970 to 1998.

The attached pathology report dated August 20, 2000 by Mr. Brett R. Bartlett, MD and the radiation oncology report dated September 1, 2000 by Mr. Michael Bruin, MD both indicate that your client has a history of lung cancer.

In my opinion, given your client's history of extensive exposure to asbestos and asbestos dust commencing 22 years prior to the reported findings and given the medically well-established relationship between asbestos exposure and those findings, there is a causal connection between your client's asbestos exposure and the lung cancer from which he suffers.

Further laboratory and clinical testing may reveal that Mr. Centers suffers significant disability from a more severe asbestos-related condition than indicated by the observations stated above.

Sincerely,

Alvin J. Schonfeld, D.O.
Attachment
AJS/sjl

Patient Name: **CENTERS, ALBERT L**
Admission Number: 3112279
Medical Record Number: (0000)000017895
Date of Birth: 03/25/1939
Age: 61 YRS   Sex: M
Room Number:    Bed:
Patient Location: L
Requesting Physician: RUFFOLO, ALDO
Copies to: RUFFOLO, ALDO
GREEN, CURTIS R.

**SARAH BUSH LINCOLN HEALTH CENTER**
1000 Health Center Drive
Mattoon, Illinois 61938-0327
Telephone 217-258-2225
Telecopy 217-258-2367

Pathologists:
Brett R. Bartlett, M.D.
Robert K. Reuter, D.O.

## SURGICAL PATHOLOGY REPORT

Date of Procedure: 07/19/00

Accession Number:   S-00-04129

**SPECIMEN SOURCE:**
Right lung biopsy

**CLINICAL INFORMATION:**
Smoker 1 1/2 pk/day more than 40 years
Right lung mass - bronchoscopy done 1 week ago

**GROSS DESCRIPTION:**
The specimen is marked "right lung biopsy" and consists of four pink-tan, 3 to 10 mm needle biopsy fragments submitted in cassette 1A.
BRB:KPK

**DIAGNOSIS:**
Right lung - biopsy:
Poorly differentiated non-small cell carcinoma with abundant neucrosis and reactive fibrosis

BRB:KPK        By:   BRETT R. BARTLETT, M. D., PATHOLOGIST
07/20/00              (Electronic Signature)

TC I
88305
88173
88312

*** END OF CHART ***

Printed Date/Time:  07/20/00  1049
Page:  1

SURGICAL PATHOLOGY REPORT

# Pathology Associates
## of Terre Haute, P.C.

P.O. Box 1054
Terre Haute, IN 47808
Phone: (812) 238-7543
Fax: (812) 238-7230

M.B. Kashlan, M.D.
G.J. Longa, M.D.
and Associates

Patient Name: WHITE, ERNEST L
Male DOB 09/15/20 - 79Y
Attending Physician: DULTZ, LAWRENCE R., M.D.
Admission Number: 70002217
Surgeon:
Medical Record No: 282225

Location: UNION HOSPITAL OUTPATIENT
Date of Procedure: 08/28/00
Received: 08/28/00
Reported: 08/29/00

Accession Number: SP00-11724

## SURGICAL PATHOLOGY REPORT

**CLINICAL DIAGNOSIS:** LARGE LUL MASS, WT. LOSS, COUGH, LUNG CA. NO ENDOBRONCHIAL COMPONENT

**PROCEDURES:** FOB WITH TBBX

**TISSUE SUBMITTED:** LUL BX

## DIAGNOSIS:

LUNG, LEFT UPPER LOBE, TRANSBRONCHIAL BIOPSY: SMALL CELL CARCINOMA OF LUNG.

SOI/msb

Said O. Ismail, M.D.
Pathologist
Electronic signature approved by pathologist

Reviewed by:

## GROSS DESCRIPTION

The container is labeled "LUL biopsy". Specimen consists of several soft gray/white tissue bits aggregating to 0.6 cm. Submitted in toto in one block.
TG/msb

T29600/M80413

## DISTRIBUTION LIST
### Albert Centers v. A.W. Chesterton Company, et al.

A. W. CHESTERTON CO
C/O CT CORPORATION SYSTEMS
120 S. CENTRAL AVE.
CLAYTON MO 63105

COMBUSTION ENGINEERING
C/O THE CORPORATION TRUST CO.
1209 ORANGE STREET
WILMINGTON DE 19801

DURABLA MANUFACTURING CO.
C/O LEGAL COUNSEL
120 SHEREE BLVD.
LYONVILLE, PA 19341

THE FLINTKOTE COMPANY
C/O CORPORATION TRUST COMPANY
1209 ORANGE STREET
WILMINGTON DE 19801

FOSTER-WHEELER CORP.
C/O LISA FRIES GARDNER
PERRYVILLE CORPORATE PARK
CLINTON, NJ 08809-0000

GARLOCK INC
C/O C T CORPORATION SYSTEM
1300 E. 9th STREET
CLEVELAND, OH 44114

GENERAL ELECTRIC COMPANY
C/O C T CORPORATION SYSTEM
1209 ORANGE STREET
WILMINGTON, DE 19801

GEORGIA-PACIFIC CORPORATION
C/O C T CORPORATION SYSTEM
208 S LASALLE ST STE 814
CHICAGO IL 60604-1135

GENERAL REFRACTORIES CO
225 CITY AVENUE
SUITE 114
BALA CYNWYD, PA 19004

HALLIBURTON COMPANY
THE CORPORATION TRUST COMPANY
1209 N. ORANGE ST.
WILMINGTON, DE 19801

INDUSTRIAL HOLDINGS CO.
C/O THE PRENTICE HALL COMPANY
80 STATE STREET
ALBANY, NY 12207

METROPOLITAN LIFE INSURANCE CO
220 CONTINENTAL DRIVE
NEWARK, DE 19713

OWENS-ILLINOIS CORP.
THE CORPORATION TRUST COMPANY
1209 ORANGE ST.
WILMINGTON, DE 19801

VIACOM, INC.
CORPORATION SERVICE COMPANY
2711 CENTERVILLE ROAD
WILMINGTON, DE 19808

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.

## I. 

**PLAINTIFFS**

Albert Centers

DOCKETED
DEC - 4 2002

**DEFENDANTS**

A. W. Chesterton Co., et al.

JUDGE ANDERSEN

(b) County of Residence of First Listed Plaintiff: **Coles County**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Middlesex County**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

MAGISTRATE JUDGE KEYS

(c) Attorney's (Firm Name, Address, and Telephone Number)
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Ave.
Chicago Illinois 60607
(312) 944-0600 - (312) 944-1870 (fax)

Attorneys (If Known)
Allen D. Vaughan
Michael P. Cascino

02C 8702

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | X 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 USC § 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Over $75,000
CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 12/02/02
SIGNATURE OF ATTORNEY OF RECORD: Allen Vaughan

**FOR OFFICE USE ONLY**
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE ANDERSEN**

Albert Centers
   Plaintiffs,

v.

A. W. CHESTERTON, CO., et al.
   Defendants.

CASE NO: **02 C 8702**

DEC - 4 2002

MAGISTRATE JUDGE KEYS

Appearances are hereby filed by the undersigned as attorney of record for

Albert Centers

| (A) | | (B) | |
|---|---|---|---|
| SIGNATURE: | *Allen D. Vaughan* (signed) | SIGNATURE: | |
| NAME: | Allen D. Vaughan | NAME: | |
| FIRM: | Cascino Vaughan Law Offices, Ltd.<br>220 South Ashland Ave.<br>Chicago Illinois 60607<br>(312) 944-0600 | FIRM: | Cascino Vaughan Law Offices, Ltd.<br>220 South Ashland Ave.<br>Chicago Illinois 60607<br>(312) 944-0600 |
| IDENTIFICATION NUMBER: | 3124122 | IDENTIFICATION NUMBER: | |
| MEMBER OF TRIAL BAR: | YES [X]  NO [ ] | MEMBER OF TRIAL BAR: | YES [ ]  NO [ ] |
| TRIAL ATTORNEY: | YES [X]  NO [ ] | TRIAL ATTORNEY: | YES [ ]  NO [ ] |
| (C) | | (D) | |
| SIGNATURE: | | SIGNATURE: | |
| NAME: | | NAME: | |
| FIRM: | Cascino Vaughan Law Offices, Ltd.<br>220 South Ashland Ave.<br>Chicago Illinois 60607<br>(312) 944-0600 | FIRM: | Cascino Vaughan Law Offices, Ltd.<br>220 South Ashland Ave.<br>Chicago Illinois 60607<br>(312) 944-0600 |
| IDENTIFICATION NUMBER: | | IDENTIFICATION NUMBER: | |
| MEMBER OF TRIAL BAR: | YES [ ]  NO [ ] | MEMBER OF TRIAL BAR: | YES [ ]  NO [ ] |
| TRIAL ATTORNEY: | YES [ ]  NO [ ] | TRIAL ATTORNEY: | YES [ ]  NO [ ] |

FILED-EDA 02 DEC -2 PM  CLERK U.S. DISTRICT COURT